82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
Janice LANE, Warden; Ronald E. Forrest, Deputy Warden,
Defendants-Appellees.
 No. 95-4185.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and BORMAN, District Judge.*
 
 ORDER
 
 2
 Pearly L. Wilson appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Wilson alleged that his constitutional rights were violated by the warden and a deputy warden at the institution where he is incarcerated, when his incoming mail was confiscated. A magistrate judge recommended that the parties' cross-motions for summary judgment be denied, without prejudice to any renewed motion that the defendants might file addressing Wilson's revised assertion that he had received edited photocopies of the disputed mail. The district court granted the defendants' renewed motion for summary judgment on October 24, 1995. It is from this judgment that Wilson now appeals. He has requested counsel and filed a motion for injunctive relief, alleging that the defendants intend to retaliate against him in the future.
 
 
 4
 The confiscation of Wilson's mail was based on a prison policy that forbade prisoners from possessing the legal documents of other inmates in their cells. It is undisputed, however, that copies of Wilson's mail were delivered to him within 15 days. Wilson avers that the other inmate's name and prison number had been removed from the copies, but the record shows that Wilson knew the documents belonged to his friend, Richard Wise. The defendants' affidavits also indicate that the prison no longer has control over the original documents. Moreover, there is no reasonable expectation that Wilson's mail will be confiscated based on the disputed policy in the future, as it has been rescinded. Thus, Wilson's claims for injunctive relief are now moot. See Weeks v. Chaboudy, 984 F.2d 185, 189-90 (6th Cir.1993).
 
 
 5
 The defendants were presumptively sued in their official capacity as state employees because the complaint does not indicate that they were being sued as individuals. See Wells v. Brown, 891 F.2d 591, 592-93 (6th Cir.1989). In that capacity, the defendants are not "persons" who are subject to suit for monetary damages under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Wells, 891 F.2d at 594. Wilson's claims for monetary relief are unavailing based on this ground alone.
 
 
 6
 We note, nonetheless, that summary judgment was properly awarded to the defendants on the merits. An order granting summary judgment is reviewed de novo on appeal. Copeland v. Machulis, 57 F.3d 476, 478 (6th Cir.1995) (per curiam). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 7
 Wilson initially alleged that the defendants violated his constitutional rights by confiscating his incoming mail. However, the defendants' affidavits indicate that they did not personally handle Wilson's mail, and their affidavits also plainly refute Wilson's revised allegation regarding the alteration of his mail. Hence, the district court properly found that the defendants could not be held liable under a theory of respondeat superior. See Copeland, 57 F.3d at 481; Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir.1994). Summary judgment was proper because Wilson did not submit significant probative evidence to counter these affidavits, as required by Fed.R.Civ.P. 56(e). See Moore v. Philip Morris Cos., 8 F.3d 335, 343 (6th Cir.1993).
 
 
 8
 Wilson now argues that the magistrate judge and the district court judge should have granted his motions for a change of venue and disqualification because they are generally biased against prisoners. In reviewing such a claim, this court determines whether a reasonable, objective person would have questioned the judge's impartiality under the totality of the circumstances. United States v. Sammons, 918 F.2d 592, 599 (6th Cir.1990), cert. denied, 114 S.Ct. 126 and 1322. The district court did not abuse its discretion by denying Wilson's motion for recusal because Wilson's allegations of judicial bias are based wholly on his dissatisfaction regarding the court's rulings in this case and other unspecified proceedings. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994); Sammons, 918 F.2d at 599. For similar reasons, the court did not abuse its discretion by denying Wilson's motion for a change of venue.
 
 
 9
 Accordingly, Wilson's request for counsel and his motion for injunctive relief are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation